UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jennifer Canady, | ) | C/A No. 5:12-2507-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 39. Plaintiff documents 26.50 hours of work on this matter, for which she seeks an award of $4,399.00. ECF No. 39-2. The Commissioner opposes the request, arguing her position in this matter was substantially justified. ECF No. 40. Having considered the parties' principal briefs, as well as Plaintiff's reply, ECF No. 41, the court *grants* Plaintiff's Motion.

I.   Background

Plaintiff applied for DIB and SSI in July 2008, pursuant to Titles II and XVI of the Act, 42 U.S.C. §§ 401-403, and 380-83, *et seq.*, alleging she became disabled on May 28, 2008, because of depression and anxiety. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 15, 2010. In a decision dated January 12, 2011, the ALJ found that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Carolyn W. Colvin for Michael J. Astrue as Defendant in this action.

request for review on June 28, 2012, making the ALJ's decision the final decision for purposes of judicial review.

Plaintiff then brought an action seeking judicial review of the Commissioner's decision, alleging the Commissioner's decision was not supported by substantial evidence. The court reversed the Commissioner's denial of benefits under sentence 4 of 28 U.S.C. § 405(g) and remanded the matter to the Commissioner for further consideration. Specifically, the court found the Commissioner's consideration of listing 12.04 of the Commissioner's listed impairments was insufficient under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 and *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). *See* Order (Mar. 5, 2014), ECF No. 36.

II.     Standard of Review: Substantial Justification

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer,* 509 U.S. 292, 302 (1993) (finding a plaintiff's whose claim is remanded pursuant to sentence four of Social Security Act is a "prevailing party" under the EAJA).

This Motion turns on whether the government's position was "substantially justified." As the nonprevailing party, the government has the burden of proving that its position was substantially justified. *See Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that

---

[2] The government does not dispute that Plaintiff satisfies other requisites of 28 U.S.C. § 2412.

2

could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that the government's position was not substantially justified simply because it lost the case. *Crawford,* 935 F.2d at 656. However, when the government's position "was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified." *Adams v. Barnhart*, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) (awarding EAJA fees and finding government's position not substantially justified when Commissioner had not complied with specific regulations). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

III.   Analysis

Having considered the matter in full, the court finds the Commissioner has not satisfied her burden of demonstrating her litigation position in this matter was substantially justified. In considering Plaintiff's appeal, the undersigned reviewed the administrative record in light of applicable law and regulations and reversed and remanded the matter to the Commissioner for further administrative action. *See* Order, ECF No. 36. Specifically, the undersigned found the Commissioner, through the ALJ, did not undertake the required analysis of Plaintiff's impairments in determining whether she satisfied any of the Commissioner's listed impairments, particularly as to paragraph C of Listing 12.04.[3]

---

[3] To facilitate a uniform and efficient processing of disability claims, regulations promulgated by the Commissioner under the Social Security Act have reduced the statutory definition of disability to a series of five sequential questions. One of these questions concerns whether a claimant meets or equals the criteria of one or more "listed impairments," which are compiled in an extensive list in the Commissioner's regulations. If a claimant meets the specified criteria of a listed impairment for the required amount of time, he or she is considered disabled without the need for assessing whether any jobs exist that the claimant could perform. *See* 20 C.F.R. Part 404, Subpt. P, App. 1; 20 C.F.R. § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii).

In determining whether a claimant's impairments satisfy the requirements for a relevant listing, the ALJ must identify the relevant listed impairment or impairments, discuss the relevant evidence, and compare that evidence to the requirements in the applicable listings. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The court noted that to determine whether paragraph C of Listing 12.04 was satisfied, the Commissioner was to have considered whether the evidence presented satisfied specific criteria.[4] However, in his decision, the ALJ did not set out the criteria of Listing 12.04C, nor did he discuss the medical evidence in relation to the criteria. Rather, his full analysis of whether Plaintiff satisfied the paragraph C criteria provided as follows: "The undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." ALJ Decision, p. 18 of Admin. Record, available at ECF No. 34-3.

The Commissioner argued the ALJ's cursory listing analysis was sufficient. In defending the ALJ's decision on appeal, the Commissioner argued, *inter alia*, that Plaintiff could not have satisfied the paragraph C criteria because because the record did not contain evidence that Plaintiff met the "required" criterion of having a "'current history of 1 or more years' inability to function outside a highly supportive living arrangement.'" Def.'s Br. 14 (partially quoting listing 12.04C3), ECF No. 26. As set out in detail in the court's order reversing and remanding the

---

[4] To satisfy paragraph C of listing 12.04, a claimant must establish a "[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support," as well as one of the following:
    1.    Repeated episodes of decompensation, each of extended duration; or
    2.    A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
    3.    Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.
20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.

matter, that argument was not a correct statement of the applicable regulation. Rather, the portion of Listing 12.04C that the Commissioner cited in its appellate brief as being "required" was one of three alternative criterion Plaintiff could satisfy for that portion of the listing at issue. *See* Order 19-20, ECF No. 36.

The Commissioner now argues that her position was substantially justified, although she offers no justification for the ALJ's failure to set out and evaluate the criteria of Listing 12.04C. Rather, the Commissioner offers post-hoc rationalizations supporting the ALJ's decision and points to other record evidence as presenting an "'arguably defensible administrative record'" that demonstrates the Commissioner was justified in defending it. Def.'s Resp. 2, ECF No. 40 (quoting *Crawford*, 935 F.2d at 658). Further, she points to other portions of the ALJ's decision and the opinions of state-agency psychologists, offering them to demonstrate substantial justification for the Commissioner's litigation tact. *Id.*

These arguments are unavailing. The court cannot look to post-hoc offerings to support the Commissioner's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). Further, the court expressly noted the state-agency psychologists' opinions in connection with the listing analysis, but noted their opinions lacked necessary explanation for their findings. Order 20. The Commissioner's position was not substantially justified.

IV.     Conclusion

Here, the ALJ's decision failed to contain certain analyses as required by law. Because a substantially justified position must have a reasonable basis in both law *and* fact, the court does not find the government's position substantially justified. The Commissioner has not challenged Plaintiff's asserted hours or the rate of compensation; the court finds the time and rates reasonable and in accord with applicable law. The court *grants* Plaintiff's request for EAJA

attorney's fees in the amount of $4,399.00 and directs the Commissioner to pay such fees to Plaintiff forthwith. Pursuant to *Stephens v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009), payment should be made directly to Plaintiff as the prevailing party rather than to her attorney.

    IT IS SO ORDERED.

August 14, 2014                                                  Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge