UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jennifer Canady, ) | C/A No. 5:12-2507-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | ORDER |
| ) | (Plaintiff's 42 U.S.C. § 406(b) |
| Carolyn W. Colvin,[1] Acting Commissioner ) | Motion for Attorney's Fees) |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiff's unopposed Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 47. Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On March 5, 2014, this court ordered the Commissioner's decision be reversed and remanded the case to the Commissioner for further administrative proceedings. ECF No. 36. In an August 14, 2014 Order, the court approved an application for Attorney's Fees under the Equal Access to Justice Act (EAJA") in the amount of $4,399.00, without objection from the Commissioner. ECF No. 42. That sum will be disbursed to Plaintiff according to the terms of her Attorney-Client Contract with her counsel. *See* ECF No. 47-2.

On remand, and after a new hearing, the Commissioner issued a Notice of Decision – Fully Favorable on October 8, 2014, finding Plaintiff had been disabled from May 28, 2008 through the date of the decision and was entitled to benefits, retroactive to that date and continuing. On February 1, 2015,[2] Defendant issued a Notice of Award awarding Plaintiff retroactive benefits for a total of $81,827.00. The Notice also indicated that the sum of $20,456.75 was withheld from Plaintiff's past-due benefits for the payment of attorney's fees.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substituted Carolyn W. Colvin for Michael J. Astrue as Defendant in this action.

[2] The dates the Notices of Awards were issued is supplied by Plaintiff's counsel. The Notices provided to the court are undated.

The sum of $6,000.00 was paid to Plaintiff's attorney and the balance of $14,456.75 was held, pending court approval. *See* Notice of Award, ECF No. 47-3 at 1-7.

On March 30, 2015, Plaintiff filed a Motion for Extension of Time to file a Motion of Approval of Attorney's Fees under 42 U.S.C. § 406(b) until 30 days after the receipt of the Notice of Award for Plaintiff's dependents (auxiliary claimants). ECF No. 43. The court granted the extension on April 1, 2015. ECF No. 44.

On July 21, 2015, the Commissioner issued a Notice of Award awarding Plaintiff's son benefits retroactive from October 2009 through November 2010 in the amount of $6,654.00. The Notice also indicated that the sum of $1,663.50[3] was withheld from the past-due benefits for the payment of attorney's fees, subject to court approval. ECF No. 47-3 at 7-9. On July 21, 2015, the Commissioner issued a Notice of Award awarding Plaintiff's daughter benefits retroactive from October 2009 through June 2015 in the amount of $16,380.00. The Notice also indicated that the sum of $4,095.00 was withheld from the past-due benefits for the payment of attorney's fees, subject to court approval. ECF No. 47-3 at 10-12.

Plaintiff and her dependents have received retroactive benefits due to counsel's successful pursuit of her appeals. Subsequently, Plaintiff's counsel filed the instant Motion on August 20, 2015, seeking approval of attorney's fees for 88.25 hours of attorney representation. ECF No. 47. This includes 34.00 hours certified by Plaintiff's attorney for court proceedings, plus an additional 54.25 hours expended in agency proceedings. *See* Attorney Time Sheet, ECF No. 47-4.

The amount sought by Plaintiff's counsel is derived from $26,215.25, which is 25 percent of the $104,861.00 total past-due benefits awarded to Plaintiff and her auxiliary beneficiaries. After a credit of $4,399.00, which was ordered to be paid under the EAJA, and $6,000.00 previously paid after the issuance of the Favorable Decision, the amount Plaintiff's counsel seeks to be paid from Plaintiff's past-due benefits is $15,316.25. *See* ECF No. 41-1 at 3, 6. The Commissioner filed her response indicating she has no objection to the fees sought. ECF No. 50.

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its

---

[3] In what is likely a clerical error, the Motion indicates the amount withheld from the past-due benefits awarded to Plaintiff's son was $1,163.50, ECF No. 47-1 at 3, rather than $1663.50, as the Notice indicates, ECF No. 47-3 at 2.

judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness when the agreed-upon fee does not exceed the statutory ceiling of 25 percent.

Having reviewed the record and the time expended in the judicial proceedings, the court concludes that the amount sought is a reasonable and just fee to be paid to Plaintiff's counsel for his services before the court. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The court notes that, according to its own calculations, though, the amount remaining when the $4399.00 and the $6000.00 credits are deducted from the $26,215.25 (25% of the $104,861.00 total past-due benefits), is $15,816.25. Nonetheless, based on the amount sought and agreed to without objection from the Commissioner, the court hereby

**ORDERS** that the Motion for Attorney's Fees, ECF No. 47, be granted, and the Commissioner shall pay from the Plaintiff's withheld benefits the amount of $15,316.25 to Plaintiff's attorney for his services in this case. It is further ordered that the remaining of the amount withheld by the Commissioner—$4,899.00—be disbursed to Plaintiff. This amount provides a refund to Plaintiff over the EAJA award amount.[4] *See Gisbrecht*, 535 U.S. at 796 (noting amount of successful claimant's past-due-benefit award will be increased by the EAJA award up to point of receiving 100 percent of past-due benefits).

IT IS SO ORDERED.

October 13, 2015                                        Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

---

[4] The remaining amount withheld by the Commissioner after the fee Plaintiff has requested is deducted is actually $4,899.00, which is $500 more than the $4,399.00 EAJA award. This difference is attributable to the apparent clerical error mentioned in note 3, *supra*. Again, the court is approving the award as requested by Plaintiff's counsel and not objected to by the Commissioner.

3